## 6229. GIBSON *v.* THE STATE.

Where, upon the trial of one accused of selling mortgaged personalty, the property alleged to have been mortgaged and sold was described, in the indictment, as "one bull, five years old," and the proof upon the trial was that the defendant had mortgaged the bull described, and had afterwards sold a "red, but-headed bull," but there was no evidence whatever that the bull sold by the defendant was the animal mortgaged, the verdict was contrary to law, being without evidence to support it.

DECIDED MAY 4, 1915.

Accusation of misdemeanor; from Crawford superior court—Judge Mathews.  November 28, 1914.

*W. J. Wallace, R. H. Culverhouse,* for plaintiff in error.

*John P. Ross, solicitor-general,* contra.

BROYLES, J.  As indicated in the headnote, the judgment overruling the motion for a new trial in this case must be reversed. We have, however, come to this conclusion reluctantly, for the "earmarks" disclosed by the record are strongly suggestive of the defendant's guilt.  In fact, we think the verdict might well have been the guarded Scotch one of "not proven."  The accused mortgaged, as security for a debt of $100, "one bull, five years old," and a few months afterwards sold to a third person a "red, but-headed bull."  When the debt became due and was unpaid, and the officer holding the mortgage fi. fa. went to the defendant's premises to levy on the bull, no bull of any kind could be found, and the defendant did not explain or attempt to explain what had become of it, but contented himself with stating merely that the red, butheaded bull he had sold was not the one he had previously mortgaged.  These facts strongly point to his guilt, but, as stated, under our statute, they are insufficient to convict him.  His escape from punishment, however, and the loss and damage to the mortgagee, under such circumstances, furnish, in our opinion, a strong argument for the strengthening of the statute in question.  We think that, in the interests of justice and public policy, section 720 of the Penal Code might well be amended to provide that, in such cases as this, where the mortgaged personalty can not be found, a prima facie case of the defendant's guilt is thereby established, and the burden is placed upon him of explaining what has become of the property.                                 *Judgment reversed.*